**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL TUTT, | ) | CASE NO. 4:22-cv-508 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WARDEN F. GARZA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Michael Tutt ("Tutt" or "petitioner"), a federal inmate presently incarcerated at Federal Correctional Institution, Elkton ("FCI Elkton"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he was wrongfully found guilty of destroying, altering, or damaging government property, for which he was sanctioned with loss of good time credits and restitution, and that the prison's disciplinary process violated his due process rights. (Doc. No. 1). Tutt asks for a new disciplinary hearing, expungement of the incident report, and sanctions. (*Id.* at 8).

**I. Background**

On January 19, 2021, an FCI Elkton corrections officer conducted a search of Tutt's cell and discovered purportedly altered institutional property, including a mattress that had been cut for use as boxing gloves. Tutt claimed that the mattress had been discarded and he retrieved a section of the mattress by the laundry. Tutt was charged with a conduct violation for destroying property valued in excess of $100 (along with a charge unrelated to this case). The disciplinary

hearing officer ("DHO") conducted a hearing and found Tutt not guilty of destroying government property. (*See* Doc. No. 1-2 at 3–6.)

Then on April 21, 2021, during sanitation rounds, a corrections officer discovered a mattress in Tutt's cell that had been altered and destroyed. Tutt was once again charged with a conduct violation for destroying government property in excess of $100. He claimed that the mattress found in April was the same mattress from the incident report in January that he retrieved from the laundry. The DHO conducted a hearing on this new charge and found Tutt guilty. Tutt was sanctioned with loss of good time credit, loss of phone and commissary privileges, and restitution. (*Id.* at 7–13).

## II. Discussion

### A. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c) (further citation omitted)).

Because Tutt is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775,

107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

### B. Analysis

Tutt claims that the DHO failed to examine the evidence requested, applied an incorrect burden of proof at the disciplinary proceedings, and failed to comprehend the correct definition of the violation, thereby violating his due process rights.

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Mass. Corr. Inst., Wolpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564–66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569–70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Wolpole*, 472 U.S. at 454–56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

Here, to the extent Tutt claims a denial of due process, his argument fails, as the record reflects that he was afforded due process protections. Tutt received a copy of the incident report and notice of the charge on April 21, 2021, and the disciplinary hearing was held on April 28, 2021. Tutt testified on his own behalf at the hearing and was provided an opportunity to call witnesses. The record indicates that he did not have any documentary evidence to submit. On May 4, 2021, the DHO delivered to Tutt a lengthy written statement outlining the evidence relied on and the reasons for the disciplinary action. (Doc. No. 1-2.)

To the extent Tutt claims the DHO's evidence was insufficient, his claim fails. There is ample evidence in the record to support the DHO's finding of guilt. In addition to the investigation and report, the evidence considered by the DHO included the following: the testimony of Tutt's witnesses, who identified the altered mattress as that belonging to Tutt; the statement of Officer Rodgers, who reported that she did not recall entering the storage closet by the laundry room and permitting Tutt to retrieve a mattress, as Tutt claimed; the supporting email from Lieutenant Bender indicating the altered mattress from the January incident report had been confiscated and destroyed; and the photographs of both the altered mattress recovered from Tutt

4

in January and the altered mattress recovered from him in April, indicating their altered state and demonstrating they are different mattresses. (*Id.* at 10-12.)

Accordingly, the record demonstrates that Tutt's hearing complied with the basic requirements needed to satisfy due process and there is "some evidence" to support the DHO's finding that Tutt was guilty of destroying government property. While Tutt argues that the DHO misinterpreted the definition of the conduct violation with which he was charged, this disagreement is a challenge to the DHO's determination of guilt, which the Court cannot review, and it does not demonstrate that Tutt was denied due process.

### III. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is hereby dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 12, 2022

　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**